# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 806 | **DATE** | 3/6/2001 |
| **CASE TITLE** | Martin J. Weinstein vs. Arrow Chevrolet, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Motion to dismiss [13-1] is granted in part and denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 8 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTIN J. WEINSTEIN,            )
                                )
        Plaintiff,               )
                                )          Judge Wayne R. Andersen
v.                              )
                                )          Case No. 00 C 0806
ARROW CHEVROLET, INC.,          )
                                )
        Defendant.               )

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendant Arrow Chevrolet, Inc. ("Arrow") to dismiss Counts II, III and IV of plaintiff's first amended complaint. For the following reasons, we grant the motion to dismiss Counts II and III and deny the motion to dismiss Count IV.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's first amended complaint alleges four counts for violation of the Age Discrimination in Employment Act (Count I), violation of the Fair Labor Standards Act (Count II), retaliatory discharge (Count III), and breach of contract (Count IV). Counts II, III and IV all arise out of Arrow's alleged attempt to "dock" plaintiff's wages in the amount of $500 following an error by plaintiff in the course of his duties. Plaintiff claims that he was fired after refusing to reimburse Arrow for the $500 error.

Plaintiff alleges that he was a salaried employee of Arrow whose primary duties consisted of inventory management, vehicle order management, sales projections, inventory projections, computer maintenance and computer software maintenance. Plaintiff further alleges that he was in



charge of Arrow's incentive program and responsible for the reporting of consumer incentive requests and charge backs for retail purchases and lease and fleet deliveries.

Plaintiff alleges that on May 26, 1999, he noticed that an incentive given to a customer had been rejected by General Motors and charged back to the dealership in the amount of $500. Plaintiff then met with the general manager to inform him of the charge back. The general manager indicated that plaintiff should pay out of his own pocket for that charge back. Plaintiff claims that Arrow had a policy that prohibited any demand on an employee to pay for a mistake out of his or her own pocket but that Arrow, on more than one occasion, demanded that a salaried employee personally pay for an error that such an employee made in the course of his or her employment.

On May 28, 1999, Arrow's general manager met with plaintiff and suggested to plaintiff that it would be in his best interest to pay for the $500 incentive charge back mistake that had been made. Plaintiff refused to personally pay for the error and also refused to sign a document evidencing his refusal to pay for the error. As a result, he was told to turn in his keys to the dealership and was escorted from the building.

## DISCUSSION

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We take the well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986).

I. Count II–Fair Labor Standards Act

Count II purports to state a claim for a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff alleges that he was a salaried employee of Arrow. It is further alleged that Arrow demanded that plaintiff reimburse Arrow for a $500 error made by plaintiff in the course of his duties. Plaintiff alleges that he refused and was then discharged. Plaintiff claims that Arrow violated the FLSA because the attempted wage deduction violates the "no-docking rule" of the FLSA.

Arrow argues that this count must be dismissed because there is no such thing as a FLSA "no-docking rule" and because plaintiff's own allegations establish that he is a salaried employee and is, thus, exempt from the scope of the FLSA. We agree.

The FLSA sets forth minimum wages to be paid by employers (§ 206), maximum hours that may be worked by employees in the absence of overtime wages (§ 207), and prohibits "oppressive child labor" (§ 212). Section 213 exempts various employees from FLSA's coverage, including "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The corresponding regulations define who are "executive," "administrative," and "professional" employees entitled to exemption, requiring, inter alia, that such employees be paid "on a salary basis." See, e.g., 29 C.F.R. § 541(e)(1). In turn, § 541.118 of the regulations defines "salary basis," stating in pertinent part as follows:

> An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period . . . a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.

-3-

These statutory and regulatory provisions reveal that there is no such thing as a "no docking rule" which is a per se violation of the FLSA. Rather, the wage deduction language of 29 C.F.R. § 541.118 cited by plaintiff relates only to the issue of whether an employee is paid on a salary basis and is thereby exempt from the scope of the FLSA. Thus, wage deductions do not constitute a violation of the FLSA except to the extent that they may cause an employee to lose his "exempt" status as a salaried employee. See, e.g., Klein v. Rush-Presbyterian-St. Luke's Medical Center, 990 F.2d 279 (7th Cir. 1993). Conversely, the FLSA does not generally prohibit deductions from pay, with the exception of when a wage deduction would cause the employee to earn less than the legally mandated minimum wage. See, e.g., Mayhue's Super Liquor Stores, Inc. v. Hodgson, 464 F.2d 1196 (5th Cir. 1972).

In this case, plaintiff's complaint alleges that plaintiff was a salaried employee of Arrow who was subjected to a deduction from his salary for an error he made. At best, this could establish that plaintiff is not a true salaried employee and has thus lost his exempt status under the FLSA. Therefore, he would be subject to the provisions of the FLSA, including minimum wage and overtime provisions. However, plaintiff alleges no violation of the FLSA for Arrow's failure to pay him minimum wage or overtime. Rather, plaintiff alleges a violation of the FLSA because Arrow's attempted wage deduction for a variation in the quality of work performed violates the FLSA. We find that plaintiff has not alleged a cognizable cause of action under the FLSA and Count II, therefore, is dismissed.

## II. Count III–Retaliatory Discharge

In Count III, plaintiff asserts a state law claim for retaliatory discharge, alleging that he was terminated by Arrow for refusing to violate the "no docking" rule under the FLSA and that such termination was contrary to the public policy of the State of Illinois.

Illinois subscribes to the doctrine of "at-will" employment, allowing that "an employer may fire an employee-at-will for any reason or no reason at all." Jacobson v. Knepper & Moga, P.C., 185 Ill.2d 372, 706 N.E.2d 491, 492 (Ill. 1998). The presumption of at-will employment, however, is subject to the limited and narrow tort of retaliatory discharge, whereby a plaintiff must demonstrate that: 1) he was discharged in retaliation for his activities; and 2) the discharge is in contravention of a clearly mandated public policy. Jacobson, 706 N.E.2d at 492-93.

In this case, plaintiff's retaliatory discharge claim is without merit. First, as discussed above, there is no such thing as a "no-docking" rule under the FLSA and, therefore, there can be no public policy prohibiting the violation of this non-existent rule. Second, there is no clearly mandated public policy of Illinois at stake. In Long v. Commercial Carriers, Inc., 57 F.3d 592 (7th Cir. 1995), the Seventh Circuit discussed the public policy requirement of a retaliatory discharge claim, noting that the "clear mandate of public policy" must be a "matter [which] strike[s] at the heart of a citizen's social rights, duties, and responsibilities," and that a retaliatory discharge claim "is allowed where the public policy is clear, but is denied where it is equally clear that only private interests are at stake." Long, 57 F.3d at 595.

In Long, the Seventh Circuit affirmed the district court's dismissal of a trucker's retaliatory discharge claim. The trucker alleged that he was discharged for refusing to sign a lease agreement that contained provisions violating federal Interstate Commerce regulations. The Long Court held

that these allegations did not support a retaliatory discharge claim because they involved private, contractual issues between the employer and employee, rather than having "a wide reaching effect on the public at large." The Seventh Circuit explained that:

> A claim for retaliatory discharge could rest on a dismissal for reporting the violation of federal regulations, but only if those regulations involved the health or safety of individuals, or other interests deemed crucial to public policy. When, as here, the violated regulations deal primarily with certain non-crucial financial and contractual interests of the employee, they do not rise to the level required for a retaliatory discharge claim.

Long, 57 F.3d at 596.

Likewise, in the present matter, the alleged attempt to dock plaintiff's wages does not involve the "health or safety of individuals," much less the public at large, but involves solely the individual financial interests of a single employee. Moreover, the plaintiff never reported the alleged violation by Arrow to any authority. Accordingly, plaintiff cannot assert a claim for retaliatory discharge and Count III of plaintiff's first amended complaint is dismissed.

### III. Count IV–Breach of Contract

Count IV alleges that Arrow had an announced policy that precluded it from deducting employees' pay for mistakes made on the job. Plaintiff has alleged that Arrow announced to its employees that there was a company policy that prohibited any demand on an employee to pay for a mistake out of his or her own pocket. Count IV additionally alleges that Arrow maintained employee policies and procedures in the ordinary course of business that established the terms of employment between plaintiff and Arrow, which policies prohibited Arrow from asking or mandating that employees pay for mistakes made during the course of their employment out of their own pocket. It is further alleged that Arrow engaged in a course of conduct over many years that

established that it did not terminate employees for making minor errors during the course of their employment. Finally, plaintiff alleges that Arrow breached its own policies and procedures when it terminated the plaintiff for refusing to pay for an error made in the course of his employment.

We find that the plaintiff has adequately alleged a cause of action for breach of contract. Therefore, the motion to dismiss Count IV is denied.

## CONCLUSION

For the foregoing reasons, we grant the motion of defendant Arrow Chevrolet, Inc. to dismiss Counts II and III of plaintiff's first amended complaint. Counts II and III of plaintiff's first amended complaint are hereby dismissed. We deny Arrow's motion to dismiss Count IV.

_____
Wayne R. Andersen
United States District Judge

Dated: March 6, 2001